UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRENDAN McGARRETT, | ) |
|  Petitioner | ) |
| | ) |
| v. | ) No. 05-CV-30205-MAP |
| | ) No. 02-CR-30042-MAP |
| UNITED STATES OF AMERICA, | ) |
|  Respondent | ) |

MEMORANDUM REGARDING
SENTENCE RECONSIDERATION

January 9, 2008

PONSOR, D.J.

    This is an action pursuant to 28 U.S.C. § 2255 or, alternatively, a Motion for Resentencing Pursuant to Fed. R. Crim. P. 35(a), in which Petitioner claims that his sentence was incorrectly enhanced following an erroneous determination that he was a career offender. In brief, Petitioner argues that this career offender designation violated Shepard v. United States, 544 U.S. 13 (2005), and Taylor v. United States, 495 U.S. 575 (1990).

    The record is undisputed that Petitioner's counsel at sentencing did not raise the Taylor/Shepard issue. In addition, the court has found that Petitioner's sentencing attorney failed to file any notice of appeal, despite Petitioner's express instruction to counsel that he do so. The court addressed counsel's failure to file the notice of appeal by vacating and reimposing the same initial sentence

and instructing the clerk to file an appropriate notice of appeal.[1]  As a result, the Taylor/Shepard issue is now before the First Circuit Court of Appeals as part of Petitioner's direct appeal in the criminal case.   United States v. McGarrett, First Circuit No. 07-1401.

Petitioner argues that, despite the pendency of the direct appeal, this court should itself tackle the substantive Taylor/Shepard issue.  This court is reluctant to take this approach, which could result in both the Court of Appeals and the trial court working on the same issue simultaneously.

In his oral presentation on January 7, 2008, counsel for the government indicated, without making any commitment, that the government was considering an acknowledgment of a Taylor/Shepard error at sentencing in its submission to the First Circuit.  The government brief is currently due before the Court of Appeals on January 24, 2008.

In light of this complex situation, this court will do two things.  First, the court invites the First Circuit, if it wishes, to consider a remand of the Taylor/Shepard issue to this court for prompt reconsideration.  From Petitioner's viewpoint, immediate action is crucial, since a recalculation

---

[1] Judgment in this case technically entered on February 23, 2007, following the court's action.  However, on October 26, 2007, the court allowed Petitioner's motion for leave to file a motion for correction of his sentence.

of his sentence without the career offender status may result in a sentence below the number of months he has already served.[2]

Second, this case has been scheduled for a status conference to take place on February 8, 2008 at 2:00 p.m.  At that time, both parties will be able to report as to the government's position with regard to the <u>Taylor</u>/<u>Shepard</u> issue and the status of the appellate proceedings.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge

---

[2] Government counsel disagreed with this position at the January 7, 2008 conference.